**Electronically Filed**
**Intermediate Court of Appeals**
**29367**
**26-APR-2011**
**08:06 AM**

NO. 29367

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


RYAN KAUI CHONG and GABRIELLE FUMIE CHONG,
Plaintiffs-Appellees, v. COLETTE MARGARET ANDERSON,
et al., Defendants-Appellants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 07-1-223)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Defendant-Appellant Colette Margaret Anderson
(**Anderson**) appeals *pro se* from the order granting Plaintiffs-Appellees Ryan Kaui Chong and Gabrielle Fumie Chong's (the **Chongs**) motion to enforce a settlement agreement, filed September 19, 2008, in the Circuit Court of the Third Circuit (**Circuit Court**).[1]

Anderson's Opening Brief does not satisfy the requirements of Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4). Under HRAP Rule 28(b)(4), an appellant's opening brief must provide, *inter alia*:

> A concise statement of the points of error set forth in
> separately numbered paragraphs. Each point shall state: (i)
> the alleged error committed by the court or agency; (ii)
> where in the record the alleged error occurred; and (iii)
> where in the record the alleged error was objected to or the

---

[1] The Honorable Greg K. Nakamura presided.

> manner in which the alleged error was brought to the
> attention of the court or agency.

In Anderson's opening brief, she does not state where in the record any of the alleged errors occurred or where in the record the alleged errors were objected to or the manner in which the alleged errors were brought to the attention of the Circuit Court. Generally, "failure to comply with HRAP Rule 28(b)(4) is alone sufficient to affirm the [lower] court's judgment." Morgan v. Planning Dep't, County of Kauai, 104 Hawai'i 173, 180, 86 P.3d 982, 989 (2004). Nonetheless, this court observes a policy of affording *pro se* litigants the opportunity "to have their cases heard on the merits, where possible." O'Connor v. Diocese of Honolulu, 77 Hawai'i 383, 386, 885 P.3d 361, 364 (1994). Accordingly, to the extent that we can discern Anderson's arguments, we attempt to address her alleged errors.

The points of error identified in Anderson's opening brief are summarized as follows:

(1) The Circuit Court erred in assuming that Anderson was in breach of the DROA contract because that assumption prejudiced the Circuit Court's decision to grant the motion to enforce the Settlement Agreement;

(2) The Circuit Court erred in allowing the Chongs' attorney, Hasegawa, to present false and defamatory testimony, make *ad hominem* arguments, and act in bad faith with an intent to delay and prejudice the proceedings;

(3) The Circuit Court erred in granting the motion to enforce the Settlement Agreement because the Settlement Agreement was too ambiguous, misleading, vague, and indefinite to be enforceable; and

(4) The order granting the Chongs' motion to enforce the Settlement Agreement should be reversed due to ineffective assistance of Anderson's counsel.

2

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Anderson's points of error as follows:

We review an order granting a motion to enforce a settlement as if it were a summary judgment. Miller v. Manuel, 9 Haw. App. 56, 64, 828 P.2d 286, 292 (App. 1991). The party moving for summary judgment has the burden of producing support for its claim that: (1) no genuine issue of material facts exists with respect to the essential elements of the claim or defense which the motion seeks to establish or which the motion questions; and (2) based on the undisputed facts, it is entitled to summary judgment as a matter of law. Jou v. Dai-Tokyo Royal State Ins. Co., 116 Hawai'i 159, 164, 172 P.3d 471, 476 (2007) (citation omitted). Once the moving party has met that burden, the adverse, non-moving party, "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in [HRCP Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Hawai'i Rules of Civil Procedure (HRCP) Rule 56(e).

Based on the evidence before the Circuit Court at the time of the motion to enforce the Settlement Agreement, we conclude that there was no genuine issue of material fact as to the existence of a valid compromise agreement and the Chongs were entitled to judgment as a matter of law. The only evidence in the record at the time of the motion was the evidence submitted by the Chongs, including the following unchallenged materials: (1) a declaration of the Chongs' attorney certifying the authenticity of the attached exhibits and attesting to the existence of a Settlement Agreement and the lack of responsiveness on the part of Anderson's attorney and/or Anderson in implementing the agreement; (2) a copy of the written

3

Settlement Agreement signed and dated by the Chongs, Anderson, and Anderson's attorney; (3) a letter from the Chongs' attorney informing the Circuit Court that a settlement had been reached; and (4) various emails and letters purporting to show Anderson's lack of effort in cooperating with the Chongs in closing the sale as agreed to in the Settlement Agreement.

It is undisputed, both in the court below and on appeal, that Anderson signed the Settlement Agreement. A plain reading of the written, signed Settlement Agreement indicates that Anderson agreed to its terms, that the parties intended to be contractually bound, that the Settlement Agreement was intended to resolve the disputed claims, that it was intended to constitute the entire agreement between the parties, and that it was entered into with full knowledge of the facts. Anderson concedes in her Reply Brief that she agreed to the terms of the Settlement Agreement. The Settlement Agreement was clearly supported by consideration.

Anderson did not file an opposition to the Chongs' motion to enforce the Settlement Agreement and made no objections, based on admissibility or otherwise, to the declaration or exhibits attached in support of the motion. Nor did Anderson object to or challenge the Chongs' evidence purporting to show her lack of responsiveness and lack of cooperation in implementing the Settlement Agreement. Anderson failed to set forth specific facts to refute the Chongs' showing that a valid compromise agreement existed or to argue that the Settlement Agreement was unenforceable. Although Anderson orally presented several arguments at the hearing on the motion, she did not submit any affidavits or other admissible evidence to support those arguments. Consequently, Anderson failed to raise a genuine issue of material fact regarding her claim that the written, signed Settlement Agreement was not mutual, valid, or enforceable. Accordingly, we conclude that the Circuit Court did

4

not err in granting the Chongs' motion to enforce the Settlement Agreement. We, therefore, affirm the Circuit Court's order granting the motion to enforce the Settlement Agreement.

Anderson contends that the Circuit Court erred in assuming that she breached the DROA contract and alleges that this purported assumption prejudiced the Circuit Court's decision to grant the Chongs' motion to enforce the Settlement Agreement. Anderson's brief, however, merely states this allegation without further argument. Anderson fails to present a discernable argument as to the basis of her allegation. In addition, we see nothing in the record to support Anderson's assertion that the Circuit Court relied on any assumption regarding the DROA in deciding the motion to enforce the Settlement Agreement.

Anderson argues that the Circuit Court erred in allowing the Chongs' attorney to present false and defamatory testimony, make *ad hominem* arguments, and act in bad faith with an intent to delay and prejudice the proceedings. This argument is made for the first time on appeal. The rule in this jurisdiction prohibits an appellant from complaining for the first time on appeal of error to which he has acquiesced or to which he failed to object. Okuhara v. Broida, 51 Haw. 253, 255, 456 P.2d 228, 230 (1969) (citations omitted); see also HRS § 641-2 (2004) ("The appellate court . . . need not consider a point that was not presented in the trial court in an appropriate manner."). Accordingly, we reject this ground as a basis for vacating the Circuit Court's order.

Similarly, Anderson's third point of error, that the Settlement Agreement is too vague, ambiguous, misleading, and indefinite to be enforceable, is raised for the first time on appeal and, therefore, does not provide valid grounds for vacating the Circuit Court's order.

Finally, Anderson argues that the order granting the Chongs' motion to enforce the Settlement Agreement should be

reversed due to ineffective assistance of Anderson's counsel. Anderson does not have a right to effective assistance of counsel because there is no right to counsel in a civil case. <u>See</u>, <u>e.g.</u>, <u>Norton v. Haw. Admin. Dir. of Court</u>, 80 Hawai'i 197, 200, 908 P.2d 545, 548 (1995).

Additional arguments asserted by Anderson in her brief, but not identified as points of error, are similarly without merit.

For these reasons, we affirm the Circuit Court's September 19, 2008 order granting the Chongs' motion to enforce the Settlement Agreement.

DATED: Honolulu, Hawai'i, April 26, 2011.

On the briefs:

Colette Anderson
Pro Se Defendant-Appellant

Paul K. Hamano
Raymond K. Hasegawa
for Plaintiffs-Appellees
RYAN KAUI CHONG and GABRIELLE
FUMIE CHONG

Chief Judge

Associate Judge

Associate Judge